UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | **Case No. 05-31823** |
| **EDWARD A. JENKINS and** | | **Chapter 7** |
| **BESSIE J. JENKINS,** | * | |
| Debtors | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| **SEAN C. LOGAN, CHAPTER 7** | | |
| **TRUSTEE** | * | |
| Plaintiff | * | |
| v. | * | |
| | | **Adv. Pro. No. 09-00123** |
| **EDWARD A. JENKINS, <u>et al.</u>** | * | |
| Defendants | * | |

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF FINANCIAL FREEDOM'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Financial Freedom Acquisition, LLC, as successor in interest to Defendant Financial Freedom Senior Funding Corporation ("Financial Freedom"), by counsel, Ira L. Oring, M. Elizabeth Nowinski and Fedder and Garten Professional Association, files this Memorandum in Support of its Motion to Dismiss and/or for Summary Judgment, and states as follows.

**I.      Introduction.**

Plaintiff Sean C. Logan, Chapter 7 Trustee filed the above-captioned adversary proceeding seeking to avoid Financial Freedom's lien securing a reverse mortgage loan issued to Debtors Edward A. Jenkins and Bessie J. Jenkins, and to recover the lien or the value thereof. Specifically, the Plaintiff seeks to avoid Financial Freedom's lien pursuant to Maryland's Uniform Fraudulent Conveyance Act (the "MUFCA" or the "Act") and 11 U.S.C. § 549, and to

recover the lien or its value pursuant to 11 U.S.C. § 550. See Complaint at Counts II-IV.[1] The allegations in the Complaint reveal that this action was filed more than two (2) years after the Debtors' conveyance of the reverse mortgage lien at issue. The Plaintiff's claims to avoid the lien and to recover the lien or its value pursuant to 11 U.S.C. §§ 549 and 550 are therefore untimely, and thus fail to state a claim upon which relief can be granted. Moreover, there is no genuine dispute regarding the fact that the reverse mortgage loan was issued nearly three (3) months after the entry of this Court's January 4, 2006 Order granting the Debtors a discharge pursuant to 11 U.S.C. § 727(a). The Debtors therefore had no creditors to defraud at the time of, and were not rendered insolvent by, their conveyance of Financial Freedom's lien, and Financial Freedom is thus entitled to summary judgment in its favor with respect to the Plaintiff's claim to avoid its lien pursuant to the MUFCA. For these reasons, which are set forth more fully below, Financial Freedom is entitled to an order dismissing Counts III and IV of the Plaintiff's Complaint with prejudice, and entering summary judgment in its favor with respect to Count II of the Complaint.[2]

## II.   Procedural Background and Statement of Undisputed Material Facts.

As set forth in the Plaintiff's Complaint, the Debtors have been the record owners of certain residential real property known as 3615 Echodale Avenue, Baltimore, Maryland 21214 ("Property") since July 31, 2000. See Complaint at ¶¶ 11, 12. They financed their purchase of the Property with a mortgage loan secured by a deed of trust in favor of First Guaranty Mortgage

---

[1]   Count I of the Plaintiff's Complaint also seeks an order directing the turnover by the Debtors of the proceeds of the reverse mortgage loan pursuant to 11 U.S.C. § 542. Because Count I of the Complaint is not directed toward Financial Freedom and does not affect Financial Freedom's interests, it is not addressed in this Motion.

[2]   Because the Plaintiff has conveniently omitted the date of the Debtors' discharge Order from his Complaint, F.R.B.P. 12(b) and F.R.C.P. 12(b)(6) that the instant Motion be treated as one for summary judgment, to the extent that it is based on the date of the discharge Order.

2

Corporation, which was duly recorded among the Land Records of Baltimore City, Maryland. See id. at ¶ 13.

On September 22, 2005, the Debtors filed a petition with this Court for relief under Chapter 7 of the United States Bankruptcy Code, and the Plaintiff was subsequently appointed as Trustee of the Debtors' bankruptcy estate. See id. at ¶¶ 9, 10; certified copy of Debtors' Voluntary Petition, attached hereto as Exhibit 1. The Debtors disclosed the Property as an asset on their Schedule A submitted with their Voluntary Petition, listing the Property's market value as $125,000.00. See id. at Schedule A. They claimed exemptions with respect to the Property in the total amount of $20,703.00, and indicated in their Schedule D that the Property was encumbered by a lien securing a debt in the amount of $104,500.00. See Ex. 1 at Schedules A and D. The Debtors disclosed a total of $54,048.08 in unsecured debt on their Schedule F submitted with their Voluntary Petition. See id. at Schedule F. The Plaintiff neither sold the Property to satisfy all or part of those debts pursuant to 11 U.S.C. § 704(a) nor objected to the Debtors' discharge pursuant to 11 U.S.C. § 727(b), and on January 4, 2006, this Court issued an Order granting the Debtors a discharge pursuant to 11 U.S.C. § 727(a). See certified copy of January 4, 2006 Order, attached hereto as Exhibit 2.

On March 31, 2006, the Debtors entered into a reverse mortgage loan agreement with Defendant Harvard Home Mortgage, Inc. ("Harvard"). See Complaint at ¶ 15. At the time of settlement, a total of $143,929.39 was disbursed, a portion of which was used to satisfy the Debtors' existing purchase money mortgage lien. See id. at ¶ 16. The reverse mortgage loan was memorialized by a note and secured by a deed of trust, which Harvard assigned to Defendant Financial Freedom Senior Funding Corporation on March 31, 2006. See id. at ¶ 17.

The Plaintiff filed his Complaint commencing the above-captioned adversary proceeding on February 27, 2009.

### III.     Standard of Review.

#### A.     Standard of Review Applicable to Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6)[3] provides that the defense that a claim fails to state a claim upon which relief can be granted may be made by a motion filed before pleading. See F.R.C.P. 12(b)(6).  A motion to dismiss pursuant to F.R.C.P. 12(b)(6) must be granted where, after accepting a plaintiff's well-pleaded allegations as true, it appears that the plaintiff can prove no set of facts that would entitle it to relief.  See Hardwire LLC v. Goodyear Tire & Rubber Co., 360 F. Supp. 2d 728, 731-32 (D. Md. 2005) (citing Marketing Products Management, LLC v. Healthandbeautydirect.com, Inc., 333 F. Supp. 2d 418, 420 (D. Md. 2004) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999))).  In considering a motion to dismiss, the court accepts all well-pleaded allegations as true, and views the claim in the light most favorable to the non-moving party.  See Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  The facts considered by the court ruling on such a motion, however, are limited to those alleged in the pleading at issue.  See F.R.C.P. 12(b)(6) (requiring that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

#### B.     Standard of Review Applicable to Motion for Summary Judgment.

Pursuant to F.R.C.P. 56,[4] "[a] party claiming relief may move, with or without supporting

---

[3]     F.R.C.P. 12(b)(6) applies in adversary proceedings pursuant to F.R.B.P. 7012(b).

[4]     F.R.C.P. 56 applies in adversary proceedings pursuant to F.R.B.P. 7056.

4

affidavits, for summary judgment on all or part of the claim."[5]  The purpose of summary judgment is to prevent the necessity and expense of preparing for trial when the evidence shows there is no genuine dispute of fact with respect to an issue.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Summary judgment is only appropriate where the moving party is entitled to judgment as a matter of law.  See F.R.C.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**III.    Argument.**

       **A.    The Plaintiff's Claims Pursuant to 11 U.S.C. §§ 549 and 550 Must Be Dismissed as Time-Barred.**

In Count III of his Complaint, the Plaintiff seeks to avoid Financial Freedom's lien against the Property pursuant to 11 U.S.C. § 549, on the basis that "[t]he transfer of the Property of the Debtors occurred after the filing of their petition for relief and was neither authorized under the bankruptcy code nor by the Court."  Complaint at ¶ 30.  Although subsection (a) of 11 U.S.C. § 549 does provide that the trustee may avoid certain transfers of property of the estate that occur after the commencement of the case, subsection (d) provides that "[a]n action or proceeding under this section may not be commenced after the earlier of (1) two years after the date of the transfer sought to be avoided; or (2) the time the case is closed or dismissed."  11 U.S.C. § 549(d).  The Plaintiff admits in his Complaint that the Debtors' conveyance of Financial Freedom's lien occurred no later than March 31, 2006.  See Complaint at ¶¶ 15, 17.  The Plaintiff's Complaint, however, was not filed until February 27, 2009, almost three (3) years after the transfer at issue.  The Plaintiff's claim to avoid the Debtors' conveyance of Financial Freedom's lien as security for their reverse mortgage loan is therefore time-barred pursuant to 11 U.S.C. § 549(d), and must be dismissed with prejudice.

---

[5]    Pursuant to F.R.B.P. 7056, F.R.C.P. applies in adversary proceedings.

Because the Plaintiff's claim to avoid Financial Freedom's lien pursuant to 11 U.S.C. § 549 is time-barred, his claim to recover Financial Freedom's lien or its equivalent value pursuant to 11 U.S.C. § 550 must also fail as a matter of law.  Section 550 provides that "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]"  11 U.S.C. § 550(a).  To recover property or the value thereof under 11 U.S.C. § 550(a), therefore, the Plaintiff must first successfully avoid the transfer of such property under one of the Code sections listed therein.  Because 11 U.S.C. § 549 is the only such Code section relied upon by the Plaintiff in his Complaint, and his claim pursuant to that section is time-barred, his claim to recover Financial Freedom's lien or its equivalent value pursuant to 11 U.S.C. § 550 must also be dismissed with prejudice.

> **B.    The Plaintiff's Claim to Avoid Financial Freedom's Lien Pursuant to the Maryland Uniform Fraudulent Conveyance Act Fails to State A Claim upon which Relief can be Granted.**

Perhaps aware of the problems affecting his claims under 11 U.S.C. §§ 549 and 550, the Plaintiff also alleges, in Count II of his Complaint, that "[u]nder the Maryland Commercial Law Code, a Chapter 7 trustee may set aside a conveyance of property, included the creation of a lien or encumbrance, if made by a person who is insolvent, was rendered insolvent by the transfer or if the transfer was made with the actual intent to hinder, delay or defraud present or future creditors." Complaint at ¶ 26.  Specifically, the Plaintiff alleges that the Debtors' conveyance of Financial Freedom's lien was fraudulent pursuant to Md. Code Ann., Comm. Law § 15-204, which provides that "[e]very conveyance made and every obligation incurred by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration[,]" id., and

6

pursuant to Md. Code Ann., Comm. Law § 15-207, which provides that "[e]very conveyance made and every obligation incurred with actual intent . . . to hinder, delay, or defraud present or future creditors, is fraudulent as to both present and future creditors." Id. The MUFCA defines "creditor" as "a person who has any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent[,]" Md. Code Ann., Comm. Law § 15-201(d), and provides that "[a] person is insolvent if the present fair market value of his assets is less than the amount required to pay his probable liability on his existing debts as they become absolute and matured." Md. Code Ann., Comm. Law § 15-202(a). The Act defines a "debt" as "any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed, or contingent." Md. Code Ann., Comm. Law § 15-201(e).

As set forth above, the Debtors conveyed Financial Freedom's lien as security for their reverse mortgage loan nearly three (3) months after this Court discharged their debts pursuant to 11 U.S.C. § 727(a). The effect of a discharge under 11 U.S.C. § 727(a) is, subject to certain exceptions not alleged in the Plaintiff's Complaint, the discharge of "the debtor from all debts that arose before the date of the order for relief under this chapter[.]" 11 U.S.C. § 727(b). See also Tidewater Finance Co. v. Williams, 341 B.R. 530, 537 (D. Md. 2006) ("the effect of a discharge order under § 727(a) is that all debts are discharged except for those that Congress has specifically excepted[.]"). The Debtors therefore had no "creditors" or "debts" as contemplated by the MUFCA at the time of their conveyance of Financial Freedom's lien. As a result, the Debtors were not rendered "insolvent" by the transaction as contemplated by Md. Code Ann., Comm. Law § 15-204, and they certainly could not have entered into the transaction with an "actual intent" to defraud creditors as contemplated by Md. Code Ann., Comm. Law § 15-207, as all of their creditors' claims had, at that point, been invalidated by this Court's January 4, 2006

discharge order.[6]  There being no genuine dispute as to the date of the discharge Order, Financial Freedom is therefore entitled to the entry of summary judgment in its favor with respect to the Plaintiff's claim to avoid Financial Freedom's lien pursuant to the MUFCA.

**IV.    Conclusion.**

For the reasons set forth above, Financial Freedom is entitled to an order dismissing Counts III and IV of the Complaint with prejudice, and entering summary judgment in its favor with respect to Count II of the Complaint.

**WHEREFORE**, Financial Freedom respectfully requests that this Court issue an order dismissing Counts III and IV of the Complaint with prejudice, and entering summary judgment in favor of Financial Freedom with respect to Count II of the Complaint.

> */s/ M. Elizabeth Nowinski*
> Ira L. Oring (No. 00733)
>  ioring@fedgar.com
> M. Elizabeth Nowinski (No. 27499)
> bnowinski@fedgar.com
> Fedder and Garten Professional Association
> 36 South Charles Street, Suite 2300
> Baltimore, Maryland  21201
> Telephone: (410) 539-2800
> Attorneys for Financial Freedom
>  Acquisition, LLC, as successor in interest to
>  Defendant Financial Freedom Senior
>  Funding Corporation

---

[6] It is also clear, from the face of the Complaint, that the Debtors' conveyance of Financial Freedom's lien was not made "without a fair consideration" as contemplated by Md. Code Ann., Comm. Law §15-204, as the Plaintiff admits that "the Debtors received the total sum of $143,929.39 in connection with the settlement on the reverse mortgage loan transaction from Harvard and the balance due First Guaranty Mortgage Corporation was paid off."  Complaint at ¶ 16.

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May, 2009, a copy of the foregoing Memorandum in Support of its Motion to Dismiss and/or for Summary Judgment of Financial Freedom Acquisition, LLC, as successor in interest to Defendant Financial Freedom Senior Funding Corporation, was filed electronically in the United States Bankruptcy Court for the District of Maryland, that copies of said Memorandum were sent by First Class U.S. Mail, postage paid, to

    James R. Schraf, Esq.
    Logan Yumkas, LLC
    2530 Riva Road, Suite 400
    Annapolis, Maryland 21401
    Attorneys for Plaintiff;

    Bessie J. Jenkins
    3615 S. Echodale Avenue
    Baltimore, MD  21214
    Defendant;

    Edward A. Jenkins
    3615 S. Echodale Avenue
    Baltimore, MD  21214
    Defendant;

    Harvard Home Mortgage, Inc.
    27 Old Solomons Island Road
    Annapolis, MD  21401-3820
    Defendant; and

    United States Department of
    Housing and Urban Development
    451 7th Street, SW
    Washington, DC 20410,

and that all other persons entitled to service of said Memorandum were served as a result of the aforesaid electronic filing.

                        */s/ M. Elizabeth Nowinski*
Ira L. Oring (No. 00733)
ioring@fedgar.com
M. Elizabeth Nowinski (No. 27499)
bnowinski@fedgar.com
Fedder and Garten Professional Association
36 South Charles Street, Suite 2300
Baltimore, Maryland  21201
Telephone: (410) 539-2800
Attorneys for Financial Freedom
Acquisition, LLC, as successor in interest to
Defendant Financial Freedom Senior
Funding Corporation